*Judge Pauley*



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
WESTERN BULK CARRIERS K/S,

                Plaintiff,

- against -

PANCOAST TRADING S.A.,

                Defendant.
------------------------------------------------------------------X

## VERIFIED COMPLAINT

Plaintiff, WESTERN BULK CARRIERS K/S, ("Plaintiff") by and through its attorneys, Lennon, Murphy & Lennon, LLC, as and for its Verified Complaint against the Defendant, PANCOAST TRADING S.A., ("Defendant"), alleges, upon information and belief, as follows:

1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and 28 United States Code § 1333.

2. At all times material to this action, Plaintiff was, and still is, a foreign company duly organized and operating under foreign law with a principal place of business in Oslo, Norway.

3. Upon information and belief, Defendant was, and still is, a foreign company, organized and existing under the foreign law of Liberia.

4. At all material times Plaintiff was the disponent owner of the ocean going motor vessel "VERTIGO" (hereinafter "the Vessel").

5. Pursuant to a charter party dated June 28, 2006, Plaintiff chartered the Vessel, a bulk carrier, to Defendant for a time charter period of minimum 10 October 2006/ maximum 10 December 2006 via safe ports/ safe berths/ safe anchorages always afloat for the carriage of any permissible cargo

in consideration for hire payments of $15,000 per day pro rata including overtime plus $150,000 gross ballast bonus. By Addendum dated October 13, 2006, the charter party was extended to July 1, 2007 with a hire rate of $16,250 per day. *See Charter Party with Addendum attached as Exhibit 1.*

6. Clause 32 of the charter party provided, in relevant part, that any amounts withheld by Defendant due to off-hire must be properly substantiated.

7. In respect of the charter party, certain disputes arose between Plaintiff and Defendant relating to the Defendant's illegal act of failing to pay the full amount of hire due and owing to Plaintiff. Specifically, Defendant wrongfully made deductions from earned hire that was neither substantiated nor permitted under the charter party.

8. Despite due demand, Defendant has failed and/or refused to pay Plaintiff the principal sum of $429,212.93, which represents the balance of hire due Plaintiff.

9. As a result of Defendant's breach of the charter party in failing to pay hire for its use of the Vessel, Plaintiff has sustained damages in the total principal amount of $429,212.93, exclusive of interest, attorneys' fees, and arbitration costs.

10. Pursuant to the charter party contract, all disputes between the parties are to be submitted to arbitration in the City of London with English Law to apply. Plaintiff will commence arbitration shortly.

11. Interest, costs and attorneys' fees are routinely awarded to the prevailing party in London arbitration. As best as can now be estimated, Plaintiff expects to recover the following amounts in the arbitration:

| | | |
|---|---|---|
| A. | Outstanding hire: | $349,212.93 |
| B. | Interest for 3 years at 6.5% compounded quarterly: | $74,524.69 |
| C. | Attorneys' fees: | $61,112.00 |

|   |   |   |
|---|---|---|
| D. | Arbitrators' fees and arbitration costs: | $26,191.00 |
| **Total** | | **$511,040.62** |

12. The Defendant cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but, upon information and belief, Defendant has, or will have during the pendency of this action, assets within this District and subject to the jurisdiction of this Court, held in the hands of one or more garnishees which are believed to be due and owing to the Defendant.

13. The Plaintiff seeks an order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, and also pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching, *inter alia*, any assets of the Defendant held by any garnishees within the District for the purpose of obtaining personal jurisdiction over the Defendant, to compel arbitration (if necessary) and to secure the Plaintiff's claim as described above.

**WHEREFORE**, Plaintiff prays:

A. That process in due form of law issue against the Defendant, citing it to appear and answer under oath all and singular the matters alleged in the Verified Complaint;

B. That the Court retain jurisdiction to compel the Defendant to arbitrate in accordance with the United States Arbitration Act, 9 U.S.C. § 1 *et seq.*

C. That since the Defendant cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, also pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1 and 8,

attaching all goods, chattels, credits, letters of credit, bills of lading, effects, debts and monies, tangible or intangible, or any other funds held by any garnishee within the District which are due and owing to the Defendant, in the amount of **$511,040.62** calculated to date to secure the Plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged in the Complaint;

D. That this Court recognize and confirm any arbitration award(s) or judgment(s) rendered on the claims set forth herein as a Judgment of this Court;

E. That this Court retain jurisdiction over this matter through the entry of any judgment or award associated with any of the claims currently pending, or which may be initiated in the future, including any appeals thereof;

F. That this Court award Plaintiff its attorneys' fees and costs of this action; and

G. That the Plaintiff has such other, further and different relief as the Court may deem just and proper.

Dated: September 10, 2007
New York, NY

        The Plaintiff,
        WESTERN BULK CARRIERS K/S,

By: *[signature]*
Charles E. Murphy (CM 2125)
LENNON, MURPHY & LENNON, LLC
420 Lexington Ave., Suite 300
New York, NY 10170
(212) 490-6050 – phone
(212) 490-6070 – fax
cem@lenmur.com

## ATTORNEY'S VERIFICATION

State of Connecticut   )
                       )   ss.:   Southport
County of Fairfield    )

1. My name is Charles E. Murphy.

2. I am over 18 years of age, of sound mind, capable of making this Verification, and fully competent to testify to all matters stated herein.

3. I am an attorney in the firm of Lennon, Murphy & Lennon, LLC, attorneys for the Plaintiff.

4. I have read the foregoing Verified Complaint and know the contents thereof and believe the same to be true and accurate to the best of my knowledge, information and belief.

5. The reason why this Verification is being made by the deponent and not by the Plaintiff is that the Plaintiff is a business organization with no officers or directors now within this District.

6. The source of my knowledge and the grounds for my belief are the statements made, and the documents and information received from, the Plaintiff and agents and/or representatives of the Plaintiff.

7. I am authorized to make this Verification on behalf of the Plaintiff.

Dated:   September 10, 2007
         Southport, CT

_____
Charles E. Murphy

5